UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-124 |
| | ) | (JORDAN/GUYTON) |
| | ) | |
| KENNETH BRIDGES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district

court as may be appropriate.  This matter came before the Court on November 15, 2006, for a

scheduled motion hearing.  Assistant United States Attorney Hugh Ward was present representing

the government.  Attorney Andrew Roskind was present representing Defendant Bridges, who was

also present at the hearing.

At the hearing, the Court took up the following pending motions:

(1) Motion For Bill Of Particulars [Doc. 121];

(2) Motion For Rule 12(b)(4)(B) Notice [Doc. 123];

(3) Motion For Second Bill Of Particulars [Doc. 126];

(4) Motion For Hearing To Determine Existence Of Conspiracy [Doc. 128];

(5) Request For Discovery [Docs. 130, 131, and 132]

1

(6) Motion For Disclosure Of Law Enforcement Interview Memoranda Pertaining To Government Witnesses Or In The Alternative To Issue Fed. R. Crim. Proc. 17 Subpoenas [Doc. 133];

(7) Motion To Exclude Statements Of Co-Defendants Made To Law Enforcement From Any Joint Trial, Or, In The Alternative, For Severance [Doc. 134];

(8) Motion To Exclude Evidence Of Uncharged Conduct [Doc. 136];

(9) Motion To Exclude Evidence [Doc. 137];

(10) Motion For Hearing On Expert Testimony and Disclosure of Documents And Things [Doc. 138];

(11) Motion For Severance Of Counts [Doc. 140]; and

(12) Motion For Dismissal Of Count Two Of The Superceding Indictment [Doc. 141].


## A. BILL OF PARTICULARS

Defendant Bridges moves [Doc 121] the Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, to direct the government to file a Bill of Particulars as to Count One of the Superceding Indictment, and to specify therein:

(1) The specific dates, approximate time of day, exact locations of the predicate acts which the government relies on as overt acts, and names of co-conspirator(s);

(2) The identities of those co-conspirators who traveled and were sent from East Tennessee to Atlanta, Georgia and elsewhere to obtain illegal narcotics;

(3) The locations, other than Atlanta, Georgia, where co-conspirators traveled and were sent in furtherance of the alleged conspiracy;

(4) The identity of those "known" to the grand jury who participated in the alleged conspiracy but are not charged in the conspiracy;

(5) The quantity of cocaine base and cocaine hydrochloride obtained

in Atlanta, Georgia and elsewhere;

(6) The specific dates, approximate time of day, and exact locations that this Defendant distributed and possessed with intent to distribute;

(7) The identity of those persons who took possession of cocaine base and cocaine hydrochloride from this Defendant in East Tennessee and elsewhere;

(8) The "elsewhere" locations, other than East Tennessee, wherein cocaine base and cocaine hydrochloride were distributed as part of the alleged conspiracy;

(9) The exact amounts of U.S. currency possessed by this Defendant which the government alleges was illegal proceeds from the alleged conspiracy;

(10) The specific dates, approximate time of day, and exact locations that this Defendant transported and/or transmitted currency which the government alleges was illegal proceeds from the alleged conspiracy.

Defendant contends that Count One offers absolutely no insight or substance into the alleged actions taken by Defendant over a seventeen (17) year period and, thus, this requested bill of particulars is necessary to inform Defendant of the charge against him with sufficient precision to enable him to prepare his defense adequately, to avoid unfair surprise at trial, and to protect against double jeopardy.

Defendant also moves [Doc. 126] the Court to direct the government to file a Second Bill of Particulars as to Counts Two and Three of the Superceding Indictment, and to specify therein:

(1) As to Count Two, whether the acts alleged in Count Two of the Superceding Indictment are considered acts in furtherance of the conspiracy as alleged in Count One of the Superceding Indictment and, if so, to specify the relation, nexus and/or connection between the acts alleged in Count Two with the conspiracy allegation of Count One;

(2) As to Count Three, whether the acts alleged in Count Three of the Superceding Indictment are considered acts in furtherance of the

> conspiracy alleged in Count One of the Superceding Indictment and, if so, to specify the relation, nexus and/or connection between the acts alleged in Count Three with the conspiracy allegation of Count One.

The government responds to both motions [Doc. 142] that the Superceding Indictment fully informs Defendant of that which he is accused of. The government further contends that Defendant is not entitled to details of the evidence against him beyond the provisions of the rules of discovery. It argues that Defendant's motions go well beyond requesting information regarding the pretrial details of the charges against him and seek to encompass details of the evidence against him.

Defendant Bridges, who is one of six defendants charged in this matter, is charged in Counts One-Three of the Seventeen Count Superceding Indictment [Doc. 84] with:

> **Count One** - conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base and five (5) grams or more of cocaine hydrochloride;
>
> **Count Two** - aided and abetted an attempt to cause the distribution of cocaine hydrochloride on April 6, 2000; and
>
> **Count Three** - aided and abetted an attempt to cause the distribution of cocaine hydrochloride on June 21, 2001.

The conspiracy is alleged to have occurred from January 1, 1989 through January 23, 2006, in the Eastern District of Tennessee and elsewhere. Count One of the Superceding Indictment indicates that all six Defendants, as well as other unnamed co-conspirators, did knowingly and intentionally: (1) travel and send co-conspirators from East Tennessee to Atlanta, Georgia and elsewhere to obtain quantities of cocaine base and cocaine hydrochloride, and did return with these controlled substances to East Tennessee, (2) distribute and possess with intent to distribute cocaine base and cocaine hydrochloride to persons in East Tennessee, and (3) possess large amounts of U.S. currency and transport and/or transmit currency which was proceeds from illegal distribution of cocaine base and

cocaine hydrochloride to promote the carrying on of the unlawful distribution of cocaine base and cocaine hydrochloride.

> Federal Rule of Criminal Procedure 7(f) states that
>
> > [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See Id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

### a. Count One - [Doc. 121]

With regard to Count One, Defendant Bridges seeks to know (1) the names/identities of co-conspirators, including "known" but unnamed co-conspirators, (2) the identity of co-conspirators who traveled and were sent to obtain illegal narcotics, and (3) the identity of those

persons who took possession of illegal narcotics from Defendant Bridges. The Court finds that the government is not required to furnish in a bill of particulars the names of co-conspirators or other persons present when the defendant allegedly participated in the conspiracy. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991). In this respect,

> [a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

Rey, 923 F.2d at 1222 (citations omitted) (quoting United States v. Piccolo, 723 F.2d 1234, 1239 (6th Cir.1983), cert. denied, 466 U.S. 970 (1984) (quoting United States v. Davis, 679 F.2d 845, 851 (11th Cir.1982)). Thus, the government is not required to reveal the names of unindicted co-conspirators. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). Accordingly, the Court finds that the government is not required to divulge these details through a Bill of Particulars.

Next, Defendant Bridges seeks to know each act the government intends to offer into evidence, including the specific dates, times, and locations Defendant is alleged to have engaged in drug transactions and transported and/or transmitted currency/illegal proceeds. First, the Court finds that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. Second, the Court notes that the Sixth Circuit has upheld the denial of a request for particularization of the dates of a defendant's involvement in a conspiracy when the

indictment gave the beginning and ending dates of the alleged conspiracy. See United States v. Hayes, No. 88-5967, 1989 WL 105938, ** 3 (6th Cir. Sept. 14, 1989); see also, United States v. Rey, 923 F.2d 1217, 1222 (observing that the defendant knew the dates involved as alleged in the indictment in holding that he was not entitled to know the names of co-conspirators). In Hayes, the court held that the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." Hayes, No. 88-5967, at ** 3.

Although these cases suggest that the provision of more specific dates beyond the broad time frame alleged in the indictment is not necessary, the Sixth Circuit has also upheld the provision of more specific dates of a co-conspirator's involvement when the trial court exercised its discretion to order those dates disclosed. See, e.g., United States v. Arnold, 890 F.2d 825, 829 (6th Cir. 1989) (holding that the defendant was not misled by a bill of particulars providing the defendants were involved in the conspiracy prior to the arrival of a certain shipment of marijuana and during the several weeks comprising the distribution phase of the conspiracy); see also United States v. Dempsey, 733 F.2d 392, 394 (6th Cir. 1984) (concluding that a bill of particulars giving the approximate date that each defendant entered the conspiracy gave adequate notice of the charges). Thus, the necessity of providing a bill of particulars giving the dates of an alleged conspirator's involvement turns on the information available to Defendant from the indictment and discovery or other sources in his or her particular case.

In the present case, the Court finds that Count One of the Superceding Indictment

alleges a time frame of approximately seventeen (17) years during which the charged conspiracy purportedly occurred. At the November 15, 2006 hearing, Defendant stated that the discovery provided by the government to date only pertained to Counts Two and Three of the Superceding Indictment and that the government had intimated to counsel that its case against Defendant with regard to Count One of the Superceding Indictment relied in large part, if not completely, on the statements of others. In other words, the government has not provided Defendant Bridges with any information in the form of discovery as to Count One. Although the Superceding Indictment gives the general time frame of the conspiracy, the Court finds that Defendant is entitled to know the dates, times (if known), and locations Defendant is alleged to have engaged in drug transactions and transported and/or transmitted currency/illegal proceeds in furtherance of the conspiracy. The Court finds that this information is necessary for Defendant to prepare his defense for the charged offense. Accordingly, the Court finds that the seventeen-year time frame during which the charged conspiracy purportedly occurred, coupled with the fact that the government has not provided Defendant with any discovery as to Count One, suggests the need for additional particularization in order for Defendant to prepare a defense to the charge.

Lastly, Defendant seeks to know the quantity of illegal narcotics obtained in Atlanta, Georgia and elsewhere, as well as the exact amounts of U.S. currency possessed by Defendant which the government alleges was illegal proceeds. A bill of particulars may not be used by a defendant to obtain detailed disclosure of all evidence held by the government before trial. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993). In other words, a bill of particulars is not to be used as a general discovery device. United States v. Hayes, 884 F.2d 1393, 1989 WL 105937, *4 (6th Cir. 1989) (unpublished opinion). The Court finds that the Superceding Indictment is sufficiently specific on the quantity of cocaine for Defendant to know how much the government seeks to prove.

Additionally, the Court finds that the forfeiture allegations in the Superceding Indictment adequately specify the amount of money paid to the conspirators for controlled substances during the course of the conspiracy alleged in Count One. Accordingly, the Court does not find further particularization necessary on this issue.

With the exception of the aforementioned dates and locations, the Court finds that Count One of the Superceding Indictment is sufficiently detailed to give Defendant notice of the charge he is facing, to prevent unfair surprise at trial, and to prevent Defendant from twice being placed in jeopardy for this offense. Accordingly, the Motion for a Bill of Particulars [**Doc. 121**] is **GRANTED in part** in that the government is ordered to provide a bill of particulars disclosing the dates, times (if known), and locations Defendant is alleged to have engaged in drug transactions and transported and/or transmitted currency/illegal proceeds in furtherance of the conspiracy in Count One. Defendant Bridges's motion is **DENIED** in all other respects.

### b. Counts Two and Three - [Doc. 126]

Defendant's Motion For Second Bill Of Particulars [Doc. 126] requests that the government specify whether the acts alleged in Counts Two and Three of the Superceding Indictment are considered acts in furtherance of the conspiracy as alleged in Count One of the Superceding Indictment.

As previously noted, "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. The Court finds that Counts Two and Three of the Superceding Indictment are sufficiently detailed to give Defendant notice of the charges he is facing, to prevent unfair surprise at trial, and to prevent Defendant from twice being placed in jeopardy for these offenses. Accordingly, the Motion for Second Bill of Particulars [**Doc. 126**] is **DENIED**.

## B. RULE 12(b)(4)(B) DESIGNATION

Defendant Bridges moves [Doc. 123] the Court, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, for entry of an Order directing the government to make inquiry and to serve and file specific written notice and designations of the following:

> (1) Any and all information, including all information subject to disclosure under Rule 16, which the government contemplates or considers using in its case in chief at trial;
>
> (2) Notice of the following specific evidence or information:
>
>> Evidence obtained through any warrantless search or seizure; any search or seizure warrant; any electronic or mechanical surveillance or tape recordings; the use of a beeper or other tracking device; any use of a mail cover; the exhibition or display of Defendant's photograph, likeness, image, or voice recording to anyone not then employed by law enforcement; and any written, recorded, or oral statement of Defendant, or any written, recorded, or oral statements by others to be offered as a statement of Defendant.
>
> (3) Defendant requests that any evidence or information that falls within the above Rule be specifically identified from among the items of other discovery that will or has been produced pursuant to Rule 16.

The government responds [Doc. 142] that it plans to present any and all physical or documentary evidence applying to the Indictment. It further states that all of the information to which the government is referring has been forwarded to Defendant.

Rule 12(b)(4)(B) requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in

preparation for actual or potential motions to suppress evidence." <u>United States v. Lanier</u>, 578 F.2d 1246, 1254 (8th Cir. 1978). Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence.

In the Court's Order on Discovery and Scheduling [Doc. 16, paras. A-B], the Court has already ordered the government to provide Defendant with the discovery to which he is entitled pursuant to Rule 16. The government claims that it has provided this discovery and, in its response [Doc. 142], gives written notice that "it plans to present any and all physical or documentary evidence applying to the Indictment" and that "[a]ll of the information to which it is referring has been forwarded" to Defendant. The Court notes that Rule 12(b)(4(B) requires no additional specification of the evidence the government intends to use, which is also susceptible to challenge or suppression, nor has Defendant cited to any case law requiring such designation. Accordingly, because the Court finds that the government has provided all that Rule 12(b)(4(B) requires, Defendant's Motion For Notice By The Government Pursuant to Fed. R. Crim. Pro. 12(b)(4)(B) Of Its Intention to Use Evidence Arguably Subject To Suppression [**Doc. 123**] is **DENIED**.

### C. HEARING TO DETERMINE EXISTENCE OF CONSPIRACY

Defendant moves [Doc. 128] for an Order granting a pret-trial hearing to determine whether the government may satisfy its burden of proof as to the existence of a conspiracy before any alleged co-conspirator statements may be admitted in the government's case-in-chief at trial. He contends that a pretrial hearing will protect him against the danger of unfair prejudice of inadmissible hearsay at trial, ensure efficiency during trial, and guard Defendant's rights to a fair

trial, confrontation, and due process. The government responds [Doc. 142] that the Sixth Circuit does not require a pretrial hearing to determine the existence of the conspiracy and that the trial court is in the best position to determine the existence of the conspiracy during the trial. Finally, it argues that holding a pretrial hearing on the existence of the conspiracy would essentially require it to try the case twice.

Under Federal Rules of Evidence Rule 801(d)(2)(E), "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statements were made in furtherance of the conspiracy. See United States v. Lora, 210 F.3d 373, 2000 WL 353742, **3 (May 29, 2000 6th Cir.) (unpublished opinion)(citing, United States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999). This three-part test is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978). Whether the offering party has made the showing is a question of fact for the court to decide. Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998), cert. denied, Villareal v. United States, 119 S.Ct. 1126 (1999).

While the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement, Vinson, 606 F.2d at

152-53, the Court notes that it is the general practice in this district to use the third of these options. In any event, Defendants' motion [Doc. 128] relates directly to trial procedures and/or the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Leon Jordan.

Accordingly, the undersigned **DENIES** Defendant's motion [**Doc. 128**], to the extent he seeks a pretrial hearing at this time. District Judge Jordan will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate.

## D. DISCOVERY REQUESTS

Defendant Bridges requests [Docs. 130, 131 and 132] an order from the Court requiring the government to provide certain items of discovery. Defendant has made four (4) specific discovery requests, as well as twenty-nine (29) additional requests. The Court will first address Defendant's specific requests.

### Specific Request One

With regard to *Specific Request One*, Defendant requests any and all recordings, reports, and other items pertaining to undercover activity by law enforcement or agents of law enforcement, to include confidential informants, concerning Defendant or that are intended to be offered against him by the government in it's case in chief..

The Court's Order on Discovery and Scheduling [Doc. 16, para. B(3)]addresses the government's obligation in this regard:

> The government shall permit the defendant to inspect and copy the following items or copies or portions thereof, or supply copies or portions thereof, which are within the possession, custody or control of the

government, or the existence of which is known or by the exercise of due diligence may become known to the government:

(3) Books, papers, documents, photographs, tangible objects, buildings or places which are ***material to the preparation of the defendant's defense*** or which the government intends to use as evidence at trial to prove its case-in-chief, or were obtained from or belong to each defendant. See fn. 1

**Fn 1.** The United States Supreme Court has held that the phrase "material to the preparation of the defendant's defense" as used in Rule 16(a)(1)(E)(i), Fed.R.Cr.P. (formerly Rule 16(a)(1)(C), means material to the defendant's direct response to the government's case-in-chief. In other words, "the defendant's defense" encompasses only that part of the defendant's defense which refutes the government's arguments that defendant committed the crime charged. United States v. Armstrong, 517 U.S. 456 (1996).

Thus, the Court finds that it has already ordered the government to turn over materials which are

**material to the preparation of the defendant's defense** as used in Rule 16(a)(1)(E). To the extent

that Defendant requests additional discovery, the Court finds that Defendant has not made the requisite

showing under the Court's Order [Doc. 16] or Rule 16 to allow the Court to require the government

to provide discovery beyond that which it has already ordered. Accordingly, Defendant's *Specific*

*Request One* is **DENIED**.


### Specific Request Two

With regard to *Specific Request Two*, Defendant requests the identity of confidential

informants or others providing information to state or federal law enforcement relating to the

charges against him, as well as any impeachment material concerning the informants.

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the Court should consider, among other factors, the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit has held

that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

In the present case, Defendant has made no showing whatsoever that the identity of any confidential informant is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Thus, Defendant's discovery request for the identity of any confidential informant is **DENIED**.

With respect to Defendants' request for the identities of "others" who provided information to state or federal law enforcement, the Court has found no authority extending the limited disclosure permitted in Roviaro v. United States, 353 U.S. 53 (1957), to persons other than informants working for the government. The entire thrust of Roviaro is to carve out an exception to the informer's privilege. The Sixth Circuit has generally limited the scope of that exception to informants who are involved in the offense. See, e.g., United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968) ( holding that courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction, than when the informant merely gives officers a tip that proves helpful in securing a search warrant); United States v. Sharp, 778 F.2d 1182, 1186 n.5 (6th Cir. 1985) (noting that disclosure is usually required when an informant is an "active participant in the events underlying the defendant's potential criminal liability" and usually not required when the informant is a "mere tipster or introducer"); United States v. McManus, 560 F. 2d 747, 751 (6th Cir.), cert. denied, 434 U.S. 1047 (1978) (affirming the denial of disclosure when the informant was not a direct participant in the drug transaction). The Court finds no basis for extending this exception to the informer's privilege to eyewitnesses not working for the government.

However, to the extent that an informant was an "active participant in the events underlying Defendants potential liability" rather than a "tipster," the government should either disclose the

identity of such person or make a filing to prevent such disclosure with supporting reasons, basis and legal authority. Otherwise, Defendant's broad discovery request for the identities of "others" who provided information to state or federal law enforcement relating to the charges against him is **DENIED**.

Finally, the Court notes that the Court's Order on Discovery and Scheduling [Doc. 16, para. E.] provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976) (exculpatory evidence), and <u>United States v. Bagley</u>, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of <u>Brady</u> and <u>Bagley</u>.

Accordingly, Defendant's *Specific Request Two* is **DENIED**.


<u>*Specific Request Three*</u>

With regard to *Specific Request Three*, Defendant requests any recorded or written statements made by Defendant Bridges, to include statements of co-defendants or others which the government intends to introduce in it's case in chief at trial as either vicarious admissions or statements made in furtherance of a conspiracy involving Defendant Bridges.

"Each defendant is entitled to inspect his own testimony and the statements made by

him but he is not entitled to inspect the testimony of his co-defendants or to examine their statements unless they agree." United States v. Turner, 274 F. Supp. 412, 418 (E.D. Tenn. 1967); see also United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (citing with approval a Fourth Circuit case, which holds that a defendant may not discover the statements of co-defendant's under Rule 16). The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. Thus, in the present case, Defendant is not entitled to inspect the statements of his Co-Defendants or other uncharged co-conspirators unless and until they testify at trial. With regard to Defendant's own statements, the Court has already ordered [Doc. 16, paras. A(1) and B(1)] their disclosure. Accordingly, the Defendant's *Specific Request Three* for the provision of statements other than his own is **DENIED**.


### *Specific Request Four*

With regard to *Specific Request Four*, Defendant requests any and all toxicology or chain of custody logs involving any analysis by any state or federal agency or any other entity concerning any items seized as a result of the search conducted by state and federal authorities relating to Defendant. Defendant contends that he does not have any toxicology reports or chain of custody logs indicating the submission of any items seized to a laboratory for analysis and the results of such analysis, relating to Count One.

The Court's Order on Discovery and Scheduling [Doc. 16, para A(3)] instructs the government to turn over to Defendant:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, *as soon as possible but at least three weeks before trial*, unless the Court orders otherwise.

To the extent Defendant Bridges argues that he is entitled in discovery to any and all toxicology or chain of custody logs which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, the Court agrees. Moreover, the Court believes that such evidence should be produced at the earliest opportunity so as to assist the defense in preparing for trial. Nonetheless, the Court finds that it has already ordered the government to turn over the discovery materials which Defendant seeks in his motion in its Order on Discovery and Scheduling [Doc. 16], which requires the government to provide Defendant *at least three weeks prior to trial* any evidence discoverable under Rule 16(a)(1)(A)-(F). The present case is set for trial before District Court Judge Leon Jordan on January 29, 2007. To the extent Defendant seeks earlier disclosure of discovery, the Court finds no reason to disturb the time frame provided in the Order on Discovery and Scheduling. Accordingly, the Defendant's *Specific Request Four* is **DENIED**.

### *Additional Requests*

With regard to Defendant's additional twenty-nine (29) broad discovery requests, the Court finds that in its Order on Discovery and Scheduling [Doc. 16], it has already ordered the government to provide Defendant with the discovery to which he is entitled pursuant to Rule 16. To the extent that Defendant requests additional discovery, the Court finds that Defendant has not

made the requisite showing under the Court's Order [Doc. 16] or Rule 16 to allow the Court to require the government to provide discovery beyond that which it has already ordered.  Accordingly, Defendant's *Additional Requests* are **DENIED**.

## E.  DISCLOSURE OF LAW ENFORCEMENT INTERVIEW MEMORANDA PERTAINING TO GOVERNMENT WITNESSES OR IN THE ALTERNATIVE TO ISSUE RULE 17 SUBPOENAS

Defendant moves [Doc. 133] the Court for an Order directing the disclosure of law enforcement interview memoranda pertaining to government witnesses or in the alternative, allowing Defendant to issue subpoenas in this case.  Defendant contends that in light of no discovery being provided to Defendant relating to Count One of the Superceding Indictment, Defendant is seeking the Court's assistance in directing the disclosure of law enforcement memoranda pertaining to government witnesses or to issue subpoenas.   Defendant further contends that the documents sought cannot be obtained by other means and are relevant, as they consist of information concerning the criminal conduct and activities of government witnesses and contain information about statements made by those witnesses, which could be inconsistent with trial testimony offered by the prosecution.      The government responds [Doc. 142] that there is no requirement in 18 U.S.C. § 3500 or Fed. R. Crim. P. 26.2 or the case authorities of the Sixth Circuit to provide relevant pertinent statements of a witness or possible witness early.  The government further contends that it will provide these materials in accordance with the requirements of 18 U.S. U.S.C. § 3500 or Fed. R. Crim. P. 26.2 and in a manner which will not inhibit the progress of a particular proceeding to which these materials must be produced.

"Each defendant is entitled to inspect his own testimony and the statements made by

him but he is not entitled to inspect the testimony of his co-defendants or to examine their statements unless they agree."  United States v. Turner, 274 F. Supp. 412, 418 (E.D. Tenn. 1967); see also United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (citing with approval a Fourth Circuit case, which holds that a defendant may not discover the statements of a co-defendant under Rule 16).  The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2.  Thus, in the present case, Defendant Bridges is not entitled to inspect the statements of his co-defendants or other uncharged co-conspirators unless and until they testify at trial.  Accordingly, the Motion For Disclosure Of Law Enforcement Interview Memoranda Pertaining To Government Witnesses [**Doc. 133**] is **DENIED**.

With regard to Defendant's request for the Court to authorize the use of Rule 17(c) subpoenas, Rule 17(c) of the Federal Rules of Criminal Procedure provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms.  Bowman Dairy Co. v. United States, 341 U.S. 214, 679 (1951).  In other words, Rule 17(c) was not intended to provide an additional means of discovery.

Id.  Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.  Id.  The Sixth Circuit follows the test cited in United States v. Nixon, 418 U.S. 683, 699 (1974), which states that in order to require production under Rule 17(c) prior to trial, the moving party must show that:  (1) the documents are evidentiary and relevant, (2) they are not otherwise procurable, with due diligence, in advance of trial, (3) the party cannot properly prepare for trial without such production and inspection in advance of trial, and (4) the application was made in good faith and is not a fishing expedition.  United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990).  The Supreme Court also noted in Nixon that circumstances warranting pretrial production must be extraordinary and "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."  Id. (citing Nixon, 418 U.S. at 701.

In the present case, Defendant Bridges contends that the requested documents are relevant because they contain: (1) information concerning the criminal conduct and activities of the government witnesses, and (2) information which could be inconsistent with trial testimony offered by the prosecution.  Defendant argues that adequate preparation of the defense cannot be accomplished without the production of said documents.  The Court finds that Defendant Bridges's expressed need for pretrial production under Rule 17(c), that of facilitating preparation of the defense, is not "extraordinary" in the sense that it is present in every case.  Additionally, the Court finds that the records which Defendant seeks produced appear to be impeachment evidence relating to prospective government witnesses.  Finally, the Court notes that it has already ordered [Doc. 16, para.E] the government to turn over materials within the scope of Brady and Giglio, with timing of such disclosures governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).  Accordingly,

Defendant Bridges's Motion For Rule 17(c) Subpoenas [**Doc. 133**] is **DENIED**.

## F.  EXCLUSION OF STATEMENTS OF CO-DEFENDANTS/SEVERANCE

Defendant Bridges moves [Doc. 134] the Court, pursuant to Fed. R. Crim. P. 14(a), Bruton v. United States, 391 U.S. 123 (1968), Crawford v. Washington, 541 U.S. 36 (2004), and their progeny for an Order excluding the statements of co-defendants, or, in the alternative, severing their case from that of their co-defendant.  Defendant avers that the government intends to rely on statements of others as its primary proof that Defendant was involved in a drug conspiracy spanning seventeen (17) years, and that any such statements are testimonial, and, absent testifying at trial and being subject to full cross-examination, are not admissible against Defendant.  Defendant contends that there are three possible remedies: (1) redaction, (2) exclusion of the entire statement in any joint trial, or, in the alternative, (3) severance.  At the November 15, 2006 hearing, Defendant noted that this motion would be moot if Defendant was the only Defendant going to trial.

The government objects [Doc. 142], noting that the Sixth Circuit does not require a pretrial hearing to determine the admissibility of co-conspirator's statements.  United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979).  It further argues that the admissibility of alleged statements of co-conspirators in furtherance of a conspiracy under Rule 801(d)(2)(E) is a question of law to be determined by the Court, not a question to be submitted to the jury.  United States v. Enright, 579 F.2d 980, 985 (6th Cir. 1978).  As to the issue of severance, the government also objects, arguing that most of the evidence admissible against one defendant would be admissible at a trial of the other, even if he was tried alone, to show the intent, motive, and common scheme in this case.

To the extent that Defendant seeks to exclude statements of co-defendants made to

law enforcement, the Court finds this request relates directly to trial procedures and/or the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Jordan, as he deems appropriate. Thus, the undersigned **DENIES** Defendant's motion [**Doc. 134**], to the extent he seeks to exclude statements of co-defendants at this time. To the extent that Defendant seeks to sever his case from that of his co-defendants, the Court notes that Defendant Bridges is the only Defendant in this case who is currently proceeding to trial. Accordingly, the Court **DENIES as moot** Defendant's request for severance.

### G. EXCLUSION OF EVIDENCE OF UNCHARGED CONDUCT

Defendant moves [Doc. 136] the Court for an Order excluding from evidence all incidents of uncharged conduct which the government might attempt to offer into evidence at the trial of this matter and/or provide Defendant with notice of its intent to introduce same. The government responds [Doc. 142] that it will give Defendant notice on or before one week before the trial date of any such evidence it intends to introduce pursuant to F.R.E. 404(b).

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 16, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. At the November 15, 2006 hearing in this case, defense counsel gave no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling. Accordingly, Defendant's Motion To Exclude Evidence Of Uncharged Conduct [**Doc. 136**] **is DENIED** in light of the fact that the

Order on Scheduling and Discovery already adequately provides for pretrial notice of the government's intention to introduce 404(b) evidence.

## H.  MOTION TO EXCLUDE EVIDENCE

Defendant moves [Doc. 137] the Court for an Order excluding from trial all undisclosed evidence pursuant to Federal Rules of Criminal Procedure 16(d).  Defendant contends that the discovery provided to date only relates to Counts Two and Three of the Superceding Indictment and not to Count One, which contains the conspiracy charge that covers seventeen (17) years.  The government responds [Doc. 142] that it plans to present any and all physical or documentary evidence applying to the Indictment, and that all of the information to which it is referring has been forwarded to Defendant.

The Court notes that in its Order on Discovery and Scheduling [Doc. 16, paras. A-B], it has already ordered the government to provide Defendant with the discovery to which they are entitled pursuant to Rule 16.  To the extent that Defendant requests additional discovery, the Court finds that Defendant has not made the requisite showing under the Court's Order [Doc. 16] or Rule 16 to allow the Court to require the government to provide discovery beyond that which it has already ordered.  Furthermore, the government has indicated that it plans to present any and all physical or documentary evidence applying to the Indictment and that same has already been forwarded to Defendant.  Accordingly, Defendant's Motion To Exclude Evidence [**Doc. 137**] is **DENIED**.

## I.  HEARING ON EXPERT TESTIMONY AND<br>DISCLOSURE OF DOCUMENTS AND THINGS

Defendant Bridges moves [Doc. 138] the Court for a pretrial hearing to determine

who, if any, government witnesses may testify as an expert.  Defendant further requests that the

government disclose a copy of certain documents and/or things in advance of the hearing on this

matter as to each potential expert witness.  Defendant argues that the government is expected to offer

expert testimony as to all lab results and reports and may rely on expert testimony relating to drug

transactions, crimes and conspiracies.  The government responds [Doc. 142] that expert testimony

is not necessary; lay witnesses with personal experience with a particular drug can establish its

identity.  United States v. Owusu, 199 F.329, 340 (6th Cir. 2000).  It also notes that the Sixth Circuit

has long recognized the scientific reliability and relevance of trained toxicologists testifying as

expert witnesses and law enforcement officers testifying as expert witnesses in narcotics cases to

aid jurors' understanding of controlled substances and the drug trade.  United States v. Thomas, 74

F.3d 676 (6th Cir.), *cert. denied*, 517 U.S. 1162 (1996).

Federal Rule of Criminal Procedure 16(a)(1)(G) [Expert Witnesses] states:

At the defendant's request, the government must give to the
defendant a written summary of any testimony that the government
intends to use under Rules 702, 703, or 705 of the Federal Rules of
Evidence during its case-in-chief.

The Court's Order on Discovery and Scheduling [Doc. 16, para A(3)] also instructs the government
to turn over to Defendants:

Results or reports of physical or mental examinations, and of
scientific tests, including, without limitation, any handwriting
analysis or experiments, which are material to the preparation of the
defense or are intended for use by the government as evidence in
chief at the trial, and, *as soon as possible but at least three weeks
before trial*, unless the Court orders otherwise.

Furthermore, [Doc. 16, para. L] states that:
Unless otherwise ordered by the Court, any disclosure of expert
information required by Rule 16(a)(1)(G), Fed.R.Cr.P., shall be made
by the government *at least three (3) weeks before trial*.  Any
disclosures required by Rule 16(b)(1)(C) shall be made by defendant

at least one (1) week before trial unless the Court orders otherwise.

To the extent Defendant Bridges argues that he is entitled in discovery to a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, the Court agrees. Moreover, the Court believes that such evidence should be produced at the earliest opportunity so as to assist the defense in preparing and/or filing motions for a <u>Daubert-Kuhmo Tire</u> hearing on the admissibility of that testimony. Nonetheless, the Court finds that it has already ordered the government to turn over the discovery materials which Defendant seeks in his motion in its Order on Discovery and Scheduling [Doc. 16], which requires the government to provide Defendant *at least three weeks prior to trial* any evidence discoverable under Rule 16(a)(1)(G). The present case is set for trial before District Court Judge Leon Jordan on January 29, 2007. To the extent Defendant seeks earlier disclosure of discovery under Rule 16(a)(1)(G), the Court finds no reason to disturb the time frame provided in the Order on Discovery and Scheduling.

Additionally, because Defendant has not received any discovery regarding the expert witnesses which the government will call to testify, if any, the Court finds that there is no basis for the Court to conduct a pretrial <u>Daubert-Kuhmo Tire</u> hearing at this time. Accordingly, the Court finds that Defendant's motion [**Doc. 138**] is premature and, thus, is **DENIED**.

### J. SEVERANCE OF COUNTS

Defendant moves [Doc. 140] the Court for an Order severing Count One of the Superceding Indictment from Counts Two and Three. In support thereof, Defendant states that he has been indicted in a seventeen (17) count indictment wherein he is charged in Count One with being involved in a seventeen year drug conspiracy while Counts Two and Three allege substantive

counts of attempt to distribute drugs. Defendant contends that: (1) there is no evidence to support the contention that Counts Two and Three were acts in furtherance of the Count One allegation, (2) separate and distinct evidence is required for the government to prove the three separate counts, (3) Defendant will be embarrassed or confounded in presenting separate defenses; and (4) Defendant desires to testify as to Count One while intending to remain silent as to Counts Two and Three. The government objects to Defendant's motion [Doc. 142], citing, *inter alia*, Rules 8 and 14 of the Federal Rules of Criminal Procedure.

Rule 8(a) of the Federal Rules of Criminal Procedure sets forth the conditions under which multiple offenses may be joined in a single indictment. The Rule states:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transactions connected together or constituting parts of a common scheme or plan.

The "spirit" of Rule 8(a) is to "promote the goals of trial convenience and judicial economy." United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001). Thus, "Rule 8(a) does not require that all evidence relating to each charge be admissible in separate trials. Rather, when the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." United States v. Wirsing, 719 F.2d 859, 863 (6th Cir. 1983). However, even when joinder is appropriate under Rule 8(a), the Court, in its discretion, may grant the defendant a severance if it appears that the defendant is prejudiced by the joinder of the offenses. Fed.R.Crim.P. 14.

Count One of the Superseding Indictment charges all six Defendants with conspiring to distribute and to possess with intent to distribute cocaine base and cocaine hydrochloride from

January 1, 1989, to January 23, 2006.  Counts Two and Three charge Defendant Bridges with aiding and abetting an attempt to cause the distribution of cocaine hydrochloride on April 6, 2000, and June 21, 2001.  Both Counts Two and Three were committed within the time frame of the drug conspiracy alleged in Count One.  Moreover, the type of drug alleged in Counts Two and Three (cocaine hydrochloride) is the same as one of the two types of drugs alleged in Count One (cocaine base and cocaine hydrochloride).  Given that Counts Two and Three both relate to drug distribution of the same drug during the course of the conspiracy, the Court finds that Counts Two and Three are properly joined with Count One in the Superceding Indictment.  Thus, the Court finds that Counts One through Three are "of the same or similar character" and are alleged to be "in the same series of acts or transactions" as required by Rule 8(a).

Rule 14 of the Federal Rules of Criminal Procedure provides for severance of separate counts of an indictment where the defendant can demonstrate that prejudice will result from a joint trial.  Thus, Defendant may move to sever the counts, pursuant to Fed.R.Crim.P. 14, but he has the burden of establishing prejudice if the counts remain joined for trial.  In this case, Defendant seeks severance of Count One from Counts Two and Three, stating that he would like to testify in Count One, but needs to abstain from testifying in Counts Two and Three.  As to Count One, Defendant has indicated that he intends to testify that "he had absolutely no association with his co-defendants relating to drug trafficking and a conspiracy to distribute drugs."

In order to establish prejudice, Defendant must demonstrate, by affidavit or otherwise, that he has both important testimony to give concerning one or more counts and a strong need to refrain from testifying as to the others.  See United States v. Walden, 985 F.2d 562, 1993 WL 21137, *2 (6th Cir. 1993) (unpublished opinion).  Here, Defendant Bridges has only generally

stated that, if he testifies, he intends to deny association with his co-defendants as to Count One, but, as to Counts Two and Three, has not demonstrated a strong need to refrain from testifying. Accordingly, the Court finds that Defendant's "non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." United States v. Bowker, 372 F.3d 365, 384-85 (6th Cir. 2004).

Accordingly, Defendant Bridges's motion [**Doc. 140**] is **DENIED**.


## K. DISMISSAL OF COUNT TWO OF SUPERCEDING INDICTMENT

Defendant moves [Doc. 141] the Court for an Order dismissing Count Two of the Superceding Indictment. In support thereof, Defendant states that he was originally indicted in case number 3:05-cr-009 on two counts of attempted distribution of a controlled substance on February 1, 2005. The indictment was sealed for one full year. On February 6, 2006, case number 3:05-cr-009 was unsealed. The acts allegedly took place on April 6, 2000 and June 21, 2001. Defendant states that on May 2, 2006, the government filed a superceding indictment in the present case (3:05-cr-124), adding Mr. Bridges as a Defendant to Count One, drug conspiracy, as well as charging him with the substantive counts originally charged in case number 3:05-cr-009. On May 3, 2006, the government moved to dismiss case number 3:05-cr-009 and an Order was signed dismissing case 3:05-cr-009 on May 8, 2006. Defendant argues that (1) Counts Two and Three of the Superceding Indictment have a five (5) year statute of limitations, (2) Counts Two and Three are substantive counts separate and distinct from the conspiracy count in 3:05-cr-124, and (3) the time period in which an indictment could be brought against Mr. Bridges as to Count Two was April 6, 2005.

The government responds [Doc. 142] that Defendant cites no Sixth Circuit case

authorities in support of his argument that Count Two of the Superceding Indictment should be dismissed.  The government also notes that the offenses charged in Counts Two and Three of the Superceding Indictment occurred within the time frame of the conspiracy, and are overt acts within the conspiracy.

The undersigned in consultation with the District Judge will **DEFER** to the District Judge the ruling on Defendant's motion [**Doc. 141**].  District Court Judge Jordan will take up and rule upon Defendant's motion either at trial or at the pretrial conference, as he deems appropriate.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion for a Bill of Particulars [**Doc. 121**] is **GRANTED in part** in that the government is ordered to provide a bill of particulars disclosing the dates, times (if known), and locations Defendant is alleged to have engaged in drug transactions and transported and/or transmitted currency/illegal proceeds in furtherance of the conspiracy in Count One.  Defendant Bridges's motion [**Doc. 121**] is **DENIED** in all other respects;

(2) Defendant's Motion For Rule 12(b)(4)(B) Notice [**Doc. 123**] is **DENIED**;

(3) Defendant's Motion For Second Bill Of Particulars [**Doc. 126**] is **DENIED**;

(4) Defendant's Motion For Hearing To Determine Existence Of Conspiracy [**Doc. 128**] is **DENIED**;

(5) With regard to Defendant's Discovery Requests [**Docs. 130, 131, 132**], the Court rules as follows:

        a. *Specific Request One* is **DENIED**;
        b. *Specific Request Two* is **DENIED**;
        c. *Specific Request Three* is **DENIED**;
        d. *Specific Request Four* is **DENIED**;

e. *All Additional Requests* are **DENIED**;

(6) Motion For Disclosure Of Law Enforcement Interview Memoranda Pertaining To Government Witnesses Or In The Alternative To Issue Fed. R. Crim. Proc. 17 Subpoenas [**Doc. 133**] is **DENIED**;

(7) Motion To Exclude Statements Of Co-Defendants Made To Law Enforcement From Any Joint Trial, Or, In The Alternative, For Severance [**Doc. 134**] is **DENIED**;

(8) Defendant's Motion To Exclude Evidence Of Uncharged Conduct [**Doc. 136**] is **DENIED**;

(9) Defendant's Motion To Exclude Evidence [**Doc. 137**] is **DENIED**;

(10) Defendant's Motion For Hearing On Expert Testimony And Disclosure Of Documents And Things [**Doc. 138**] is **DENIED**;

(11) Defendant's Motion For Severance Of Counts [**Doc. 140**] is **DENIED**;

(12) The Court will **DEFER** ruling upon Defendant's Motion For Dismissal Of Count Two Of The Superceding Indictment [**Doc. 141**]. District Court Judge Jordan will take up and rule upon Defendant's motion either at trial or at the pretrial conference, as he deems appropriate.


**IT IS SO ORDERED.**


ENTER:


_____ s/ H. Bruce Guyton _____
United States Magistrate Judge