IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA      )
                              )
v.                            )   No. 3:05-CR-124
                              )
KENNETH BRIDGES               )


## MEMORANDUM AND ORDER

This criminal case is before the court on the motion of defendant Kenneth Bridges for dismissal of Count Two of the superseding indictment based on the five-year statute of limitations [doc. 141].  The government has responded [doc. 142], and the motion is ripe for the court's consideration.  For the reasons discussed below, the motion will be granted.

Since the court finds that it is the procedural history of the charges against the defendant which compels the result, it will be necessary to set out the background of the charges in some detail.  On February 1, 2005, the grand jury returned a two-count indictment against a single defendant, Kenneth Bridges (case no. 3:05-cr-09).  Count One of the indictment charged a drug trafficking offense which allegedly occurred on April 6, 2000.  Count Two charged a second drug trafficking offense which allegedly occurred on June 21, 2001.  The government moved for an order sealing the indictment, which was granted,

contending that the defendant was "at large" and that notice could enable him to elude authorities.

The indictment in case no. 3:05-cr-09 remained under seal until February 2, 2006, and the defendant made his initial appearance on the charges on February 14, 2006. On May 3, 2006, the government moved for dismissal of the charges against the defendant, which was granted on May 8, 2006.

In the meantime, on October 12, 2005, the grand jury had returned a five-count indictment against six defendants alleging various drug trafficking offenses (case no. 3:05-cr-124). Defendant Bridges was not named in this indictment, either in the conspiracy count or any of the substantive counts. The defendants were arrested, a trial date was set, discovery began, and one of the defendants pled guilty. On May 2, 2006, the grand jury returned a "Superseding Indictment" in case no. 3:05-cr-124 [doc. 84], which included defendant Bridges as a named conspirator and added the exact same substantive counts (Counts Two and Three) from case no. 3:05-cr-09. It is Count Two of this superseding indictment that the defendant seeks to have dismissed.

Section 3282 of Title 18, United States Code, provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Pursuant to this statute, an indictment alleging an offense that occurred on April 6, 2000, must have been filed no later than April 6, 2005. The indictment in case no. 3:05-cr-09 meets this criterion – it was filed on February 1, 2005, slightly less than five years from the alleged offense. "Once an indictment is brought, the statute of limitations does not further run as to the charges in that indictment." *United States v. Smith*, 197 F.3d 225, 227 (6th Cir. 1999). Thus, the filing of the indictment tolled the limitations period for the offense.

However, in this case, two things occurred which affected the status of this count. First, the indictment was sealed for a year after it was returned by the grand jury. In the Sixth Circuit, a timely filed and sealed indictment may be opened after the statute of limitations has expired if (1) the indictment was properly sealed and (2) if the defendant has not been actually prejudiced by the delay in opening the indictment. *See United States v. Wright*, 343 F.3d 849, 857 (6th Cir. 2003). In this case, the defendant questions the sealing of the indictment, arguing that there were no legitimate grounds for keeping the indictment under seal for a year, but he makes no claim that he was actually prejudiced by keeping the indictment under seal. Thus, the defendant's argument on this basis must fail.

The second occurrence was the filing of the superseding indictment in case no. 3:05-cr-124. The defendant argues that the superseding indictment was, in fact, a new cause of action against the defendant, and the statute of

3

limitations had expired on the April 6, 2000 offense by the time the new charges were filed (February 2, 2006).  In response, the government contends that the superseding indictment "relates back" to the timely filing of the indictment in case no. 3:05-cr-09.  The government also argues that the April 6, 2000 offense was an overt act within the time frame of the conspiracy.

A superseding indictment will relate back to the original indictment for statute of limitations purposes if the first indictment is still validly pending and "if, and only if," the superseding indictment does not broaden the charges.  *Smith*, 197 F.3d at 228.  The question in this case is whether the superseding indictment in case no. 3:05-cr-124 is a "true" superseding indictment.  The court finds that it is not as to defendant Bridges.

Surprisingly, there is little guidance as to exactly what a superseding indictment is.  The Supreme Court has defined a superseding indictment as "a second indictment issued in the absence of a dismissal of the first."  *United States v. Rojas-Contreras*, 474 U.S. 231, 237 (1985) (Blackmun, J., concurring).  The cases discussing statutes of limitations in the context of superseding indictments, however, all presume that the superseding indictment was returned in the **same** case.  *See, e.g.*, *Smith*, 197 F.3d at 227-28; *United States v. Grady*, 544 F.2d 598, 601-02 (2d Cir. 1976); *United States v. Lytle*, 677 F. Supp. 1370, 1376 (N.D. Ill. 1988).

4

The superseding indictment adding the charges against defendant Bridges in this case was brought in an entirely different case, and as to defendant Bridges, the charges were essentially new rather than a continuation of the original charges. Because they were new charges, the five-year statute of limitations applies. While the conspiracy count and Count Three were filed within the limitations period, Count Two was not. The statute of limitations expired as to Count Two on April 6, 2005, well before the charge was added to the superseding indictment in case no. 3:05-cr-124.

As to the government's argument that the offense conduct alleged in Count Two is an overt act of the conspiracy, that very well might be, but each charge has to meet the statute of limitations on its own. Count Two must be dismissed since it was not charged within the five-year limitations period.

For these reasons, it is hereby **ORDERED** that the defendant's motion to dismiss Count Two of the superseding indictment in this case is **GRANTED**.

ENTER:

*s/ Leon Jordan*
United States District Judge